UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREA ANNAMARIA SERBAN,

Petitioner,

v.

MOISES BECERRA, et al.,

Respondents.

No. 1:25-cv-02065-DAD-EFB

ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION AND PETITIONER'S AMENDED MOTION FOR PRELIMINARY INJUNCTION

(Doc. Nos. 13, 18, 19, 20, 22)

On December 30, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On January 13, 2026, the court denied petitioner's motion for a temporary restraining order. (Doc. No. 10.) Therein, the court determined that petitioner was not likely to succeed on the merits of her claims because she was detained pursuant to 8 U.S.C. § 1226(c) and the *Mathews* factors did not balance in her favor with regard to her as-applied due process challenge. (*Id.* at 4–9.)

On February 2, 2026, petitioner filed a motion for preliminary injunction. (Doc. No. 13.) On February 13, 2026, respondents filed an opposition to petitioner's motion for preliminary injunction. (Doc. No. 14.) On February 17, 2026, petitioner filed a reply in support of her motion for preliminary injunction. (Doc. No. 15.) On July 31, 2026, petitioner filed a motion to

expedite consideration of the pending petition for writ of habeas corpus and motion for preliminary injunction. (Doc. No. 18.) On August 25, 2026, petitioner filed a motion to amend the petition. (Doc. No. 19) and a combined renewed motion for temporary restraining order and amended motion for preliminary injunction (Doc. No. 20). That same day, the court set a briefing schedule as to petitioner's renewed motion for temporary restraining order. (Doc. No. 21.) On August 28, 2026, petitioner filed a notice of respondents' failure to comply with the court's briefing schedule and request for immediate ruling. (Doc. No. 22.)

In her motion to amend the petition, petitioner argues that good cause exists to amend her *habeas* petition so that she may allege additional facts not presented when she filed her original petition, including further continuances of her immigration proceedings, which support her prolonged detention claim. (Doc. No. 19 at 3.) Respondents have not opposed petitioner's motion to amend the petition, and the time in which to do so has passed. *See* L.R. 230(c) ("Opposition, if any, . . . shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.").

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, petitioner is seeking to file her first amended *habeas* petition to allege additional facts developed after she initially filed her *habeas* petition, specifically the continued delay of her immigration proceedings. (Doc. No. 19 at 3.) It does not appear that petitioner is seeking amendment due to bad faith, nor does it appear that amendment would cause undue prejudice to respondents. In addition, the court may construe respondents' failure to oppose petitioner's motion as a non-opposition. *See* L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). The court will therefore grant petitioner's motion to amend her *habeas* petition.

In her renewed motion for temporary restraining order and amended motion for preliminary injunction, petitioner argues that her ten-month long detention without an individualized determination of whether she presents a danger to the community or a flight risk violates due process. (Doc. No. 20 at 3–4.) Although respondents have not filed an opposition to petitioner's renewed motions, the court notes that respondents originally opposed petitioner's motion for preliminary injunction by arguing that she is lawfully detained pursuant to § 1226(c). (Doc. No. 14.) Petitioner raised similar due process concerns in her first motion for preliminary injunction (Doc. No. 13 at 3), but respondents did not address petitioner's due process arguments in their original opposition. (*Id.*)

The court incorporates and adopts its reasoning as set forth in *Roque Soto v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-00893-DAD-CSK, 2026 WL 1983409, at *3 (E.D. Cal. July 9, 2026) and concludes that the *Mathews* factors weigh in favor of petitioner receiving a bond hearing in light of her having been detained for ten months without such a hearing, and that the clear and convincing evidence standard shall apply at that hearing with the burden of proof being placed on the government.

For the reasons explained above,

1. Petitioner's motion to amend the *habeas* petition (Doc. No. 13) is GRANTED;
2. Petitioner is DIRECTED to file her first amended *habeas* petition within fourteen (14) days of the date of entry of this order;
3. Petitioner's amended motion for preliminary injunction (Doc. No. 20) is GRANTED IN PART as follows:
    a. Respondents are ORDERED to provide petitioner Andrea Annamaria Serban, A-File No. 209-131-642, with a substantive bond hearing within ten (10) days of the date of entry of this order, unless petitioner requests a later date, at which hearing respondents will bear the burden of demonstrating that petitioner is a danger to the community or a risk of flight by clear and convincing evidence;

/////

b. To the extent that petitioner's renewed motion for temporary restraining order is a separate motion, it is DENIED as having been rendered moot by this order granting petitioner's motion for a preliminary injunction;

4. Petitioner's motion for preliminary injunction (Doc. No. 13), motion for expedited consideration of her original *habeas* petition and original motion for preliminary injunction (Doc. No. 18), and request for immediate ruling (Doc. No. 22) are DENIED as having been rendered moot by this order;

5. This matter is hereby REFERRED to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 28, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE