UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREA ANNAMARIA SERBAN, A-209-131-642,

Petitioner,

v.

MOISES BECERRA, et al.,

Respondents.

No. 1:25-cv-02065-DAD-EFB

FINDINGS AND RECOMMENDATIONS (ECF No. 24)

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This matter was referred to the undersigned pursuant to Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1)(B). ECF No. 23. For the reasons set forth below, the undersigned recommends that the court grant petitioner's motion to amend the petition for writ of habeas corpus and deny petitioner's request to modify the court's September 29, 2026 Order.

**BACKGROUND**

**A. Factual Background**

In her petition for writ of habeas corpus, petitioner alleges that she is a citizen and national of Romania, who entered the United States when she was fifteen years old. ECF No. 1 ¶¶ 5, 7. She alleges that, in the United States, she was the victim of domestic violence and human trafficking, which included being forced to commit crimes, for which she was prosecuted. *Id.* ¶¶

10-14. In July 2022, she was ordered removed, in abstentia, but her removal proceedings have since been reopened and are currently pending. *Id*. ¶¶ 16-19. On October 23, 2025, she was arrested by Immigration and Customs Enforcement (ICE) and remains detained. *Id*. ¶¶ 22, 26. While in detention, she has requested but has not received medical care for numbness and tingling in her extremities. *Id*. ¶¶ 29-31.

Respondents have not filed an answer. In their opposition to petitioner's motion for a temporary restraining order, respondents represent, and present evidence that, petitioner is a native of Italy and a citizen of Romania, who at entered the United States on September 29, 2016. ECF No. 8-2 at 2-3. Between February 2024 and March 2025, petitioner was convicted in California state courts for theft offenses. *Id.* at 4, 24-28. Respondents confirm that petitioner's petition to reopen her removal proceedings was granted on November 26, 2025. *Id.* at 33.

In her October 2, 2026 motion to amend, petitioner represents that, on August 31, 2026, an immigration judge granted her withholding of removal under the Convention Against Torture (CAT). ECF No. 24 at 2. Petitioner appealed the adverse portions of the decision, which was received by the BIA on September 9, 2026 and remains pending. *Id*. at 5; *see also* https://acis.eoir.justice.gov/en/caseInformation (last visited October 6, 2026).[1]

**B. Procedural Background**

Petitioner initiated this action through counsel on December 30, 2025, ECF No. 1, and moved for a temporary restraining order the same day. ECF No. 2. Respondents filed an opposition to the motion, ECF No. 8, and petitioner filed a reply. ECF No. 9. On January 13, 2026, the court denied the motion for temporary restraining order and directed the parties to file a joint proposed briefing schedule and hearing date for any motion for preliminary injunction. ECF No. 10. The court approved the parties' briefing schedule by order on January 27, 2026. ECF No. 12.

---

[1] The court takes judicial notice of the case information provided on the EOIR website. Fed. R. Evid. 201; *see Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (holding it was appropriate under Rule 201 for the district court to take judicial notice of information on a government website); *see, e.g.*, *Argueta v. Walgreens Co.*, 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024).

Petitioner filed a motion for preliminary injunction on February 2, 2026, ECF No. 13, and respondents filed an opposition on February 13, 2026. ECF No. 14. Petitioner filed a reply on February 17, 2026. ECF No. 15.

On August 25, 2026, petitioner filed a motion to amend her petition and a new motion for a temporary restraining order. ECF Nos. 19, 20. The same day, the court issued a minute order directing respondents to file any opposition to the motion by August 27, 2026. ECF No. 21. Respondents failed to respond to that order, and, on August 28, 2026, petitioner filed a request for ruling on the pending motion. ECF No. 22.

On September 29, 2026, the court granted petitioner's motion to amend and directed petitioner to file an amended petition within fourteen days. ECF No. 23. The court also granted, in part, petitioner's motion for preliminary injunction, ordering that respondents provide petitioner a bond hearing within ten days of the date of the order. *Id*. The court denied the motion for temporary restraining order as moot. *Id*.

On October 2, 2026, petitioner filed the instant motion to amend. ECF No. 24. Respondents have filed no opposition.

**DISCUSSION**

In her October 2, 2026 motion to amend, petitioner request leave to file a first amended petition that alleges that respondents have violated her rights to substantive due process (claims one, three and four), as well as procedural due process (claim two), and requests her immediate release as a remedy. ECF No. 24, Ex. 3. Although the district judge had granted petitioner leave to file an amended petition on September 29, 2026, that order was premised on petitioner having proffered a different proposed first amended petition, which had set forth slightly different legal claims. *See* ECF No. 19. For the reasons set forth below, the undersigned recommends the motion to amend the petition be granted.

In her motion to amend, petitioner also requests that the court modify its September 29, 2026 order and order petitioner's immediate release. ECF No. 24 at 15. For the reasons set forth below, the undersigned recommends this request be denied.

/////

**A. Motion to Amend the Petition**

As the district court described in its September 29, 2026 order, the courts should "freely" grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a); *see also Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960) (per curiam) (the Rules of Civil Procedure evince "extreme liberality generally in favoring amendments to pleadings"). The court may deny leave to amend where there is "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . [or] undue prejudice to the opposing party" or where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, petitioner seeks leave to amend to augment her allegations that her substantive due process rights have been violated by her continued detention, *compare* ECF No. 19, Ex. 1 at 10 *with* ECF No. 24, Ex. 3 at 24-26, 28-31, and to omit her previously-pled claim that she has received constitutionally inadequate medical care while detained. *Compare* ECF No. 1 at 6 *with* ECF No. 24, Ex. 3 at 24-31. Petitioner asserts that these changes precipitate from the Immigration Judge's August 31, 2026 order granting petitioner withholding of removal under the CAT. ECF No. 24 at 2.

Petitioner has shown that leave to amend should be granted. Nothing on the record indicates that the amendments petitioner seeks are requested in bad faith or with undue delay. *See Foman*, 371 U.S. at 182. Respondents have filed nothing in opposition to the request, nor does the record indicate respondents would suffer any prejudice from permitting petitioner to file the additional amendments to the petition that she currently seeks. *See id*. The undersigned therefore recommends that petitioner's motion to amend the petition for writ of habeas corpus, ECF No. 24, be granted.

**B. Motion to Modify the September 29, 2026 Order**

Petitioner additionally requests that the court modify its September 29, 2026 order granting in part petitioner's amended motion for preliminary injunction and ordering respondents to provide petitioner with a bond hearing. ECF No. 24 at 3. Petitioner requests that, instead, respondents be ordered to immediately release her. *Id*. However, she has not shown that the preliminary injunctive relief previously ordered by the court should be modified.

Once a preliminary injunction is issued, district courts have "wide discretion" to modify it. *System Fed'n No. 91 Ry. Emp. Dep't v. Wright,* 364 U.S. 642, 648 (1961); *see also Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804, 810 (9th Cir. 1963). A district court retains the power to modify a preliminary injunction at any time upon the consideration of new facts. *See A & M Records v. Napster, Inc., v. Napster, Inc.,* 284 F.3d 1091, 1098 (9th Cir.2002); *Cent. Valley Chrysler-Jeep, Inc. v. Goldstene*, 563 F. Supp. 2d 1158, 1162 (E.D. Cal. 2008).

Here, petitioner argues that the August 31, 2026 decision of the Immigration Judge granting withholding of removal, combined with petitioner's subsequent appeal of the adverse portions of that decision to the BIA, constitute material changed circumstances relevant to her claims that her due process rights have been violated because these developments render it less likely that she will be removed in the reasonably foreseeable future. ECF No. 24 at 5-6. Petitioner asserts that, as a result of these changed circumstances, she is now entitled to immediate release as preliminary injunctive relief. *Id.*

Petitioner fails to show, however, that these changed factual circumstances provide grounds to modify the preliminary injunctive relief that the court previously ordered. In granting petitioner's request for a preliminary injunction, the district judge considered, at that time, both the procedural and substantive due process implications of petitioner's lengthy confinement without a bond hearing. ECF No. 23 at 3. The court found that petitioner had shown that her due process rights had been violated, simply by virtue of her being detained for ten months without a bond hearing. *Id.*, *citing Roque Soto v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-00893-DAD-CSK, 2026 WL 1983409, at *3 (E.D. Cal. July 9, 2026). The court did not rely on any facts concerning the stage of petitioner's immigration proceeding—including the fact that an Immigration Judge's decision was, at that time, still pending—in determining that petitioner was entitled to preliminary injunctive relief, nor in determining the more limited scope of it. *See id*. Finally, the court considered, at that time, petitioner's alternative requests for immediate release or for a bond hearing and ordered the latter as preliminary injunctive relief, not, as petitioner's argument appears to presuppose, because petitioner had failed to make an adequate showing of a violation of her due process rights, but because, upon thorough review of

the case law, the court concluded that that remedy was legally appropriate given the particular rights violation that had been shown. *See id.*; *Roque Soto*, 2026 WL 1983409, at *3. Simply put, petitioner fails to show that there has been any change in her material circumstances that warrant modification of the court's September 29, 2026 order. The undersigned therefore recommends that this request be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's motion to amend the habeas petition (ECF No. 24) be GRANTED;
2) Petitioner be DIRECTED to file her first amended habeas petition within fourteen (14) days of the District Court's order adopting these Findings and Recommendations; and
3) Petitioner's request to modify the District Court's September 29, 2026 Order (ECF No. 24) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE